IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD M. VAN PELT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-1226-RJD |
| RYAN W. ZEIGLER, | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Ronald Van Pelt, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Plaintiff set forth various allegations concerning interference with his religious practice, placement in an unsanitary cell, and deprivation of his legal property. Plaintiff proceeds in this action on an Eighth Amendment deliberate indifference claim against Defendant Ryan Zeigler, for failing to remedy unsanitary conditions in Plaintiff's segregation cell on November 28, 2015.

Now before the Court is the Motion for Summary Judgment filed by Defendant Zeigler arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 41). Plaintiff timely filed his response on October 28, 2019 (Doc. 44). For the reasons set forth below, the Motion is **DENIED**.

**Background**

There is one grievance in the record concerning the conditions at issue in this lawsuit.

Plaintiff dated this grievance November 28, 2015, and signed it on January 17, 2016 (Doc. 42-1 at 18). The counselor marked the grievance as received on February 1, 2016, and found it was submitted beyond the required 60-day timeframe as it concerned events that occurred on November 28, 2015. Plaintiff appealed the grievance to the Administrative Review Board ("ARB"), which received the grievance on June 8, 2016 (*Id.* at 17). The ARB returned the grievance on July 9, 2016 without a decision on the merits. The ARB indicated it was not submitted in the timeframe outlined in Department Rule 504.

In response to Defendant's motion, Plaintiff asserts he signed off on his grievance on January 17, 2016 and placed it in the counselor's box on that date. Plaintiff was transferred out of Menard Correctional Center on April 28, 2016. Plaintiff did not receive this grievance until about May 17, 2016, at which time he submitted it to the ARB on appeal.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on January 21, 2020. At the hearing, Plaintiff testified that the November 28, 2015 grievance was the first grievance he had filed. Plaintiff explained he placed it in the grievance box on January 17, 2016, and he indicated he did not have any information as to when the counselor received the grievance. Plaintiff testified he did not receive this grievance back from his counselor until after he transferred to Pinckneyville Correctional Center on April 28, 2016. After his transfer, Plaintiff testified he received all of his grievances in the mail. Plaintiff subsequently took the grievances to the law library to make copies and was told by the law clerks that he should send the grievances to the ARB. Thereafter, Plaintiff submitted his January 17, 2016 (dated November 28, 2015) grievance to the ARB for review.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401

(7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff exhausted his administrative remedies prior to filing this lawsuit.

It is undisputed that there is only one grievance relevant to the claims in this lawsuit. This grievance was signed by Plaintiff on January 17, 2016. The Court finds Plaintiff's testimony that he submitted this grievance to the counselor on January 17, 2016 credible, and Defendant has failed to provide any evidence to contradict Plaintiff's testimony. Because the Court finds this grievance was submitted on January 17, 2016, it was timely under the Illinois Administrative Code. As such, the counselor should have responded to the merits of the grievance as it appears the institution caused the delay in receipt. Notably, there is no provision in the Code requiring an inmate whose grievance is rejected by a counselor to do anything further. Although the Court recognizes Plaintiff attempted to appeal the grievance to the ARB, he was not required to take this action. *See Miller v. Baldwin*, Case No. 3:17-cv-859-NJR-DGW, 2018 WL 6716065, *3 (Dec. 21, 2018 S.D. Ill.) (The Code is silent as to what happens once a counselor denies a grievance as having no merit). Accordingly, the Court finds Plaintiff's administrative remedies were exhausted when he received the counselor's response dated February 1, 2016.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendant Zeigler arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 27, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**